**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ATLANTIC SOUNDING CO., INC.,
and WEEKS MARINE, INC.,

      Plaintiffs,

v.                                    Case No. 3:05-cv-649-J-20HTS
                                               CONSOLIDATED
EDGAR L. TOWNSEND,

      Defendant.
_____

EDGAR TOWNSEND,

      Plaintiff,

v.

WEEKS MARINE, INC.,

      Defendant.
_____

**O R D E R**

This cause is before the Court on Edgar Townsend's Amended Motion to Compel Responses, and Overrule Objections to Defendant's First Request for Production (Doc. #29; Motion). The Motion is opposed. Plaintiffs' Response in Opposition to Edgar Townsend's 14 March 2006 Amended Motion to Compel (Doc. #37; Opposition). At issue are various requests for production, which will be addressed in turn.

**Request 1**

Through this request, Mr. Townsend (Defendant) asked for "[t]he Articles of Incorporation for Weeks Marine, Inc., and Atlantic Sounding Co., Inc. [(Plaintiffs).]"   Motion at 4. Production was objected to on relevance grounds.  *Id.*[1]  Defendant explains, in part, that "Plaintiff[]s commenced this lawsuit alleging that they are corporations.  The Defendant is entitled to know if they are actually incorporated, where and when they were incorporated, who their officers and directors are, whether they have maintained [their] corporate form, and whether they are entitled to maintain this lawsuit."  *Id.*   Although perhaps not central to the dispute at this point, corporate identity is sufficiently relevant to justify the request.  *Cf., e.g., Bridges v. B & E Import Co.*, Civ. No. 94-129-FR, 1994 WL 398394, at *2 (D. Or. June 26, 1994) (request for former employer's articles of incorporation deemed "reasonably calculated to lead to the discovery of admissible evidence" in Title VII suit since bearing upon corporate identity).

**Requests 11 and 27**

Request 11 sought pleadings, "opinions or Judgments on the issue of the responsibility of Weeks Marine, Inc., or Atlantic

---

[1]     Plaintiffs now also argue the documents are not discoverable since "certain corporate information is obtainable from some other source[.]" Opposition at 5.  However, since this objection was not raised initially, it is considered to have been waived.  *See* Middle District Discovery (2001) at 11.

Sounding Co., for maintenance and cure, attorneys fees or punitive damages[,]" Motion at 5, for "each lawsuit in which [they have] been involved as a Defendant where one of the issues was the failure to provide Maintenance and Cure[.]" *Id.* at 4.  Similarly, Request 27 pertained to "deposition transcripts and/or trial transcripts in which Weeks Marine, Inc., Atlantic Sounding Co., Thomas Langham and/or Teresa Olivo have provided testimony in regard to maintenance and cure." *Id.* at 7.  Plaintiffs objected to both requests, contending the items are irrelevant and overly burdensome.  *Id.* at 5, 7.

Having considered the matter, the Court will limit discovery of the documents requested to those relating to lawsuits filed within the past ten years.

**Request 22**

"All personnel records for" the captain, second captain, chief engineer, and an able-bodied seaman of the M/T Thomas were targeted by Request 22, which was disapproved of on the basis of irrelevance.  *Id.* at 5.

This request is overbroad on its face.  *See Richmond v. UPS Service Parts Logistics*, No. IP01-1412-C-K/H, 2002 WL 745588, at *4 (S.D. Ind. April 25, 2002) (request for "entire personnel file, on its face, is overbroad").  Still, the Court perceives within Defendant's argument an appropriate basis for narrowing the discovery.  *Cf. Thomas v. City of Durham*, No. 1:98CV00706, 1999 WL

203453, at \*2 (M.D.N.C. April  6, 1999).  Accordingly, Plaintiffs will be compelled to provide any documents in the files that concern the accident alleged in the counterclaim, *see* Answer (Doc. #4; Answer) at 4, and any documents referencing other safety incidents in which the chief mate was involved, if that individual is among those identified in the request.[2]

**Request 26**

Plaintiffs' financial statements for 2004 and 2005 were sought pursuant to this request.  Motion at 6.  The parties appear to agree this information relates to Defendant's claim for punitive damages.  *Id.* at 6-7; Opposition at 10-11.  As Atlantic Sounding Co., Inc.'s and Weeks Marine, Inc.'s Motion to Strike, or, in the Alternative, Dismiss Edgar Townsend's Request for Punitive Damages (Doc. #30) has been denied, Order (Doc. #41) at 1, 4, the instant discovery will be compelled.[3]

Accordingly, it is hereby

**ORDERED:**

The Motion (Doc. #29) is **GRANTED** to the extent Plaintiffs shall, within ten (10) days, provide documents responsive to 1) Requests 1 and 26; 2) Requests 11 and 27 limited to lawsuits filed within the past ten years; and 3) Request 22 to the extent

---

[2]     It is not immediately apparent to the Court whether the "Second Captain" identified in the request, Motion at 5, might be the "Chief Mate" mentioned in the counterclaim.  Answer at 4.

[3]     Mr. Townsend has agreed, "without court order, to not release the information beyond counsel and experts for the Defendant."  Motion at 6.

documents concern the accident alleged in the counterclaim or reference other safety incidents in which the chief mate was involved, if that individual is among those identified in the request.  Otherwise, the Motion is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of April, 2006.

/s/            Howard T. Snyder
HOWARD T. SNYDER
UNITED   STATES   MAGISTRATE   JUDGE


Copies to:

Counsel of Record
     and *pro se* parties, if any