**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ATLANTIC SOUNDING CO., INC.,
and WEEKS MARINE, INC.,

    Plaintiffs,

v.                                           Case No. 3:05-cv-649-J-20HTS
                                                            CONSOLIDATED
EDGAR L. TOWNSEND,

    Defendant.
_____

EDGAR TOWNSEND,

    Plaintiff,

v.

WEEKS MARINE, INC.,

    Defendant.
_____

**O R D E R**

This cause is before the Court on the following matters:

1. The Motion for Expedited Protective Order Regarding the Corporate Representative Depositions of Atlantic Sounding Co., Inc. and Weeks Marine, Inc. Set for 27 March 2006 (Doc. #32; Motion for Protective Order). No opposition has been filed in response thereto pursuant to Rule 3.01(b), Local Rules, United States District Court, Middle District of Florida, and the time for doing

so has passed. Under these circumstances, the Motion for Protective Order is **GRANTED**. In regard to attorney fees to be reimbursed, see id. at 13, the parties are instructed to meet and agree upon an appropriate sum within eleven (11) days from the date of this Order. If agreement cannot be reached, Movants shall file a further motion with attached affidavits sufficient to demonstrate the reasonable fees and expenses incurred in connection with the Motion for Protective Order.

2. Townsend's Motion to Compel (Doc. #36; Motion). The Motion is opposed. Atlantic Sounding Co., Inc.'s and Weeks Marine, Inc.'s Response to Townsend's Motion to Compel Deposition Testimony from Thomas Kimbrough (Docket Entry #36) (Doc. #44; Response).

Edgar Townsend (Defendant) seeks an order compelling "Thomas Kimbrough, an investigator with Lamorte Burns and Company retained by Weeks/Atlantic Soundings," Motion at 1, "to testify, handling assertions of privilege on a question by question basis[.]" Id. at 3. The corporations contend that, "[b]ecause Mr. Townsend would not agree that a limited, subject-matter specific inquiry did not terminate the work product privilege as to the remainder of Mr. Kimbrough's investigation, Weeks Marine had no choice but to suspend [his] deposition." Response at 5.

At the aborted deposition of Mr. Kimbrough, counsel for Atlantic Sounding Co., Inc., and Weeks Marine, Inc. (Plaintiffs), refused to allow any questioning of the witness absent a statement

from opposing counsel that he would not argue "waiver of the overall [work product] privilege" occurs through responses to certain "limited inquiries[.]" Deposition of Tom Kimbrough, attached to the Response as Exhibit G (Kimbrough Deposition), at [externally numbered] 5. He did not "want there to be any thought or question that [he was] waiving the privilege with respect to the rest of his work." *Id.* at [externally numbered] 8. Nevertheless, Plaintiffs' counsel acknowledges the propriety of allowing the investigator to testify as to certain interactions and conversations. Response at 4; *see also id.* at 6. He admits that, "[b]y injecting certain issues into this litigation, Weeks Marine partially waived its work product privilege[.]" *Id.* at 5.

While it is permissible to instruct a deponent not to answer a question if necessary to preserve a privilege, *see* Rule 30(d)(1), Federal Rules of Civil Procedure, Plaintiffs' counsel acted unreasonably in not allowing any questioning. His claims of privilege should have been made on a question-by-question basis, as Defendant's attorney proposed. *See* Kimbrough Deposition at [externally numbered] 9; *In re Air Crash at Taipei*, 211 F.R.D. 374, 376 n.2 (C.D. Cal. 2002) (claims of privilege must be made on question-by-question basis); *Bunzl Pulp & Paper Sales, Inc. v. Golder*, Civ. A. No. 90-4303, 1990 WL 198151, at *2 (E.D. Pa. Dec. 4, 1990) (same); *see also* Middle District Discovery (2001) at 18-19

(describing proper procedure for invoking privilege during deposition).

The situation at hand is particularly regrettable since there are indications the lawyers would actually have agreed concerning specific questions.  *Compare* Kimbrough Deposition at [externally numbered] 7 (Defendant's counsel stating that "[b]y putting into issue the questions of whether or not he cooperated in the investigation or deserted the vessel, you've effectively waived the privilege as to anything that relates to that") *with* Response at 4-6.  Clearly, the deposition should have proceeded at least as to those areas constituting common ground.  If, at some point, intractable disagreements arose as to the status of a privilege claimed for certain answers, such could have been made the subject of a proper motion.

In accordance with the foregoing, the Motion (Doc. #36) is **GRANTED** to the extent the parties shall, within eleven (11) days from the date of this Order, reconvene the deposition of Thomas Kimbrough at a mutually acceptable time.  The questioning shall progress in a manner consistent with the procedure outlined herein and set out in Middle District Discovery (2001).  Also, within the same eleven (11) day period, the parties shall meet and attempt to agree upon an appropriate sum representing Defendant's attorney fees and costs in connection with preparation of the Motion, which are to be reimbursed by Plaintiffs.  If agreement cannot be

reached, Defendant shall file a further motion with attached affidavits sufficient to demonstrate the reasonable fees and expenses incurred in bringing the Motion.[1]

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of April, 2006.

/s/     Howard T. Snyder
HOWARD T. SNYDER
UNITED   STATES   MAGISTRATE   JUDGE

Copies to:

Counsel of Record
    and *pro se* parties, if any

- 5 -

---

[1]  The Court is not shifting expenses associated with preparation time for the deposition, as it would seem much of that work would contribute to preparedness for the reconvened deposition.